# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ROBERTS, | Case No. CV 10-6795-JVS (DTB) |
| Plaintiff, | |
| vs. | ORDER TO SHOW CAUSE |
| JOHN MARSHALL, et al., | |
| Defendants. | |

On September 15, 2011, the Magistrate Judge issued its Report and Recommendation ("R&R") in this matter. Plaintiff's Objections to the R&R were due on or before October 13, 2011. No Objections were filed within the allotted time and, on November 15, 2011, the District Judge accepted the findings, conclusions and recommendations of the Magistrate Judge granting defendants' Motion to Dismiss without leave to amend as it relates to plaintiff's Due Process claim; granting defendants' Motion to Dismiss with leave to amend as it relates to plaintiff's Eighth Amendment claim; and granting defendants' Motion to Dismiss with leave to amend as it pertains to plaintiff's state law tort claims. Plaintiff was ordered to file a First Amended Complaint within 30 days of the date of the District Judge's Order accepting the Magistrate Judge's findings, conclusions and recommendations if he

still desired to pursue any of the claims being dismissed with leave to amend. Plaintiff's First Amended Complaint was due on or before December 15, 2011.

Plaintiff has failed to file a First Amended Complaint within the allotted time nor has he requested an extension of time within which to do so.

Accordingly, on or before **January 31, 2012**, plaintiff is ORDERED to either (a) advise the Court that he does not desire to pursue an Eighth Amendment claim and state law tort claims; (b) if plaintiff does desire to pursue an Eighth Amendment claim and state law tort claims, show good cause in writing, if any exists, why plaintiff has not timely filed with the Court his First Amended Complaint, and why the Court should not recommend that this action be dismissed, with prejudice, for failure to prosecute and failure to comply with the Court's prior Order; or (c) serve and file a First Amended Complaint. Plaintiff is forewarned that, if he fails to do either, the Court may deem such failure a further violation of a Court order justifying dismissal, and also deem such failure as further evidence of a lack of prosecution on plaintiff's part.

DATED: January 10, 2012

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE